UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**DONETTA MICHELLE BYRD-SANDERS,**  )
                                    )
    **Plaintiff,**  )
                                    )
    **v.**         )   Case No. 17-cv-00627 (APM)
                                    )
**FEDCHOICE FEDERAL CREDIT UNION,** )
                                    )
    **Defendant.** )
_____ )

## MEMORANDUM OPINION

This matter comes before the court on review of Plaintiff Donetta Michelle Byrd-Sanders's Complaint. Plaintiff proceeds pro se. Defendant FedChoice Federal Credit Union has moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Def.'s Motion to Dismiss, ECF No. 6; Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 7. The court need not address the merits of Defendant's Motion, however, as the court dismisses Plaintiff's Complaint for failure to comply with the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the basis for the court's jurisdiction; "a short and plain statement" of the pleader's claim, showing she or he is entitled to relief; and a demand for relief. *See* Fed. R. Civ. P. 8(a). The purpose of this minimum pleading standard is to give fair notice to the defendant of the claims being asserted, such that the defendant can prepare a responsive answer and adequate defense, as well as determine whether the doctrine of res judicata applies. *Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 9 (D.D.C. 2013). Pleadings filed by pro se litigants are held to less stringent standards than those filed by lawyers, but all litigants must comply with the

Federal Rules of Civil Procedure. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).

Plaintiff's entire Complaint consists of one hand-written page and nine attached pages of receipts. As best the court can discern, the Complaint says:

> I, Donettta Michelle Byrd Sanders has direct deposit to Fedchoice I Donetta Byrd has had several thousand of dollars taken out of here account were there is a debit card that she told mis [illegible] to stop transaction on several year has past by and no money was put back in the account the is an report number from police department # 150519 Police Report on the account I have spoke with some in the Fraud Department of the police department. I am mentally abuse. I have spoke with my mental doctor about several case with Fedchoice and the [illegible] Postal Federal Credit Union asking for 999,999,999,999,999 to [illegible] Thank you Donetta Michelle Byrd Sand Love Jehovan.

*See* Compl., ECF No. 1 [hereinafter Compl.], at 1. The receipts attached to Plaintiff's Complaint show that an individual accessed an account in the name of "Donetta Byrd" and made withdrawals on multiple occasions. Plaintiff has written "not my transaction" and/or "not my signature" across each of the attached nine pages that contain copies of withdrawal slips or receipts. *See id.* at 2–10. The signature line on each bank slip appears to contain the word "Love" accompanied by an illegible name, in addition to Plaintiff's name. *See id.* at 2, 4–10. Drawing all reasonable inferences in Plaintiff's favor, *see, e.g.*, *James v. United States*, 48 F. Supp. 3d 58, 62–63 (D.D.C. 2014), Plaintiff appears to be alleging that she suffers from a mental disability and another individual took advantage of her by making withdrawals of cash from her bank account without her consent.

The court concludes Plaintiff's Complaint falls short of satisfying Rule 8's basic requirements. It provides a "plain" statement of neither the basis for the court's jurisdiction nor the claim for which Plaintiff seeks relief. It is entirely unclear whether Plaintiff intends to assert

federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332.  Additionally, the allegations do not put Defendant on notice of the basis for the claim against *it* because it is unclear on the face of the Complaint how the bank perpetrated a wrongful act against Plaintiff.  In short, Plaintiff's Complaint does not contain a "plain statement" of the court's jurisdiction and material facts, nor conveys the nature of her dispute with Defendant.  Therefore, as drafted, the Complaint fails to meet the standard set forth in Rule 8(a) and must be dismissed.  *See* Fed. R. Civ. P. 8(a).

An Order consistent with this Memorandum Opinion is issued separately.

Date:  June 12, 2017

Amit P. Mehta
United States District Judge